UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSEPH VALCI,                              )
                                           )
            Plaintiff,                     )
                                           )
      vs.                                  )      Case No. 4:06CV00584 AGF
                                           )
STANDARD FIRE INSURANCE                    )
COMPANY,                                   )
                                           )
            Defendant.                     )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Standard Fire Insurance

Company's motion for summary judgment.[1]  For the reasons set forth below, the motion

for summary judgment shall be denied.

In this removal diversity case, Plaintiff Joseph Valci claims that Defendant

Standard Fire Insurance Company breached a fire insurance policy it had issued to

Plaintiff covering a building he owned.  The building and its contents were damaged by

fire on August 31, 2003, during the policy period.  Defendant asserted as an affirmative

defense that in procuring the policy, Plaintiff misrepresented the nature of the structure

involved.  Defendant now moves for summary judgment on the ground that it is

undisputed that the structure was a vacant house on an adjacent lot, and not a four or six-

car garage, as Plaintiff had represented, and that had Defendant known the truth, it would

not have extended coverage for the structure.

---

[1]    The parties have consented to the exercise of authority by the undersigned United
States Magistrate Judge under 28 U.S.C. § 636(c).

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). In considering a motion for summary judgment, the facts must be viewed in a light most favorable to the non-moving party and the non-moving party must be given the benefit of all reasonable inferences that can be drawn from the facts. Id.; Price v. Xerox Corp., 445 F.3d 1054, 1056 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law.

The record establishes that Defendant provided Plaintiff with homeowner's insurance, including damage by fire, since 1997, which was renewed annually through the period in question. In 1998, Defendant purchased the parcel of land adjacent to his own. A vacant house, which Plaintiff used for storage, stood on the newly-purchased parcel. It is also undisputed that Plaintiff told the agent he had been dealing with that he needed additional insurance to cover the structure on the newly-purchased lot. The agent communicated to Defendant that additional "other structure" insurance was requested by Plaintiff for a four-car garage valued at $10,000 and a six-car garage valued at $13,200 located on the newly-purchased lot. Additional other-structure insurance was provided.

Upon review of the record now before the Court, the Court concludes that there are genuine issues of fact with regard to how Plaintiff described to the agent the structure for which he wanted to add coverage under his policy with Defendant, and as to whether the agent was acting as Plaintiff's or Defendant's agent when he procured the additional insurance. See United Fire & Cas. Ins. Co. v. Garvey, 419 F.3d 743, 746 (8th Cir. 2005) (under Missouri law, whether an independent insurance broker, as distinguished from one

who sells insurance for only one company, is the agent of the insurer or the insured depends on the facts of the particular situation); <u>Kelley v. Shelter Mut. Ins. Co.</u>, 748 S.W.2d 54, 57 (Mo. Ct. App. 1988) (same). These factual disputes involve material issues, thereby precluding summary judgment in favor of Defendant, based upon the record before the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **DENIED**. [Doc. #21]

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Defendant's affirmative defense is **DENIED**. [Doc. #28]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of December, 2006.